IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JAMES EARL RICO JONES, | ) | |
| | ) | |
| Plaintiff, | ) | 4:05cv3317 |
| | ) | |
| vs. | ) | ORDER |
| | ) | ON INITIAL REVIEW |
| NEBRASKA STATE PENITENTIARY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, James Earl Rico Jones, an inmate in the custody of the Nebraska Department of Correctional Services ("DCS"), who is proceeding pro se and in forma pauperis ("IFP"). The plaintiff has sued the Nebraska State Penitentiary ("NSP") pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his welfare, health and safety.

### NSP Means Claim Against the State

At this time, the plaintiff has sued the NSP as the only defendant. However, DCS, a state agency, the NSP and other units within DCS lack the capacity to sue and be sued in their own names. Instead, DCS and the NSP are, in law, to be liberally construed as the State of Nebraska.

### PLRA

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

This case is assigned to District Judge Laurie Smith Camp. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant, as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will undertake service of process on the plaintiff's behalf, without cost to the plaintiff, after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. To obtain service of process on the defendant, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court is directed to provide the plaintiff with one summons and one Form 285 and a copy of this order.

2. In completing the forms, the plaintiff shall comply with Neb. Rev. Stat. § 25-510.02(2), which states in pertinent part: "The State of Nebraska, any state agency ... and any employee of the state ... sued in an official capacity may be served by leaving the summons at the office of the Attorney General ... or by certified mail service addressed to the office of the Attorney General."

The address of the Nebraska Attorney General's office is 2115 State Capitol, Lincoln, Nebraska 68509.

3. The plaintiff shall, as soon as possible, send the completed summons and 285 forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

4. Upon receipt of the completed summons and 285 forms, the Clerk will sign the summons, to be forwarded, together with a copy of the complaint, to the U.S. Marshal for service of process. The court will copy the complaint for the Marshal, as the plaintiff is proceeding IFP. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

5. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. However, because in this order the plaintiff is informed for the first time of these requirements, the plaintiff is granted, sua sponte, an extension of time until 60 days from the date of this order in which to return the completed forms for service of process. The plaintiff is hereby notified that failure return the completed forms by that deadline may result in dismissal of this matter without further notice.

6. If the forms for service of process have not been returned by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

7. After an appearance has been filed by the defendant, the plaintiff shall serve

on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

8. The plaintiff shall include with each document submitted to the court a "Certificate of Service" stating the date a true and correct copy of such document was mailed to the defendant or to the attorney of any represented defendant. To send communications to the court without sending a copy to the other parties to the case violates the rules of court.

9. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to the complaint.

10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court in the prosecution of this case.

11. The plaintiff shall keep the court informed of his current address at all times while this case is pending.

DATED this 18th day of May, 2006.

BY THE COURT:

s/ F. A. GOSSETT
United States Magistrate Judge